## TCIF REO CIT, LLC

v.

**Patricia R. GRAY; T. Barry Gray; All Occupants of 141 7th Avenue**

**T. Barry Gray, Appellant.**

No. 08–3598.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 15, 2009.

Opinion Filed: March 06, 2009.

T. Barry Gray, Folsom, PA, pro se.

Before: MCKEE, FISHER and CHAGARES, Circuit Judges.

## OPINION

PER CURIAM.

T. Barry Gray appeals the District Court's order denying his motion to proceed *in forma pauperis* and dismissing the action for lack of subject-matter jurisdiction. In June 2008, Gray filed a motion to proceed *in forma pauperis* with a caption listing himself as a defendant and TCIF REO CIT, LLC as plaintiff. He did not describe any claims he wished to bring or explain whether he was attempting to remove an action from state court. The District Court denied Gray's motion to proceed *in forma pauperis* and dismissed the action for lack of subject-matter jurisdiction. Gray filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the denial of a motion to proceed *in forma pauperis* for abuse of discretion. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337, 69 S.Ct. 85, 93 L.Ed. 43 (1948); *Bullock v. Suomela,* 710 F.2d 102, 103 (3d Cir.1983). The District Court denied Gray's motion on the grounds that the action was legally frivolous. However, if the application is complete, the District Court should only consider whether the applicant is economically eligible. *Sinwell v. Shapp,* 536 F.2d 15, 19 (3d Cir.1976). It is only after leave to proceed *in forma pauperis* has been granted that the analysis under 28 U.S.C. § 1915(e)(2)(B) is undertaken and a complaint may be dismissed as frivolous. Thus, we conclude that the District Court abused its discretion in denying the motion to proceed *in forma pauperis.*

Although the District Court noted that the motion to proceed *in forma pauperis* was filed without a complaint, it proceeded to assume that the case was based on a state court action in ejectment and determined that it lacked subject-matter jurisdiction. Because the motion to proceed *in forma pauperis* was denied and no action had been filed, the question of subject-matter jurisdiction was not before the District Court. Moreover, a court should not dismiss a matter when it does not know the basis for the action.

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, we will summarily vacate the District Court's order and remand the matter for further proceedings. *See* Third Circuit I.O.P. 10.6. On remand, the

District Court should give Gray an opportunity to state the factual and legal basis for his action and determine whether Gray is financially eligible to proceed *in forma pauperis* before undertaking an analysis pursuant to 28 U.S.C. § 1915(e)(2)(B).